Michael SHAKMAN, et al., Plaintiffs,

v.

The DEMOCRATIC ORGANIZATION OF COOK COUNTY, et al., Defendants.

In re Petition of Horace R. LINDSEY.

No. 69 C 2145.

United States District Court,
N.D. Illinois, E.D.

Dec. 16, 1982.

Patrick T. Murphy, Patrick T. Murphy, Ltd., Chicago, Ill., for petitioner.

John J. Verscaj, Larry L. Thompson, Stephen J. O'Neil, Francis J. Higgins, Bell, Boyd, Lloyd, Chicago, Ill., for defendant Jane Byrne.

Rick Halprin, Chicago Park District, Chicago, Ill., for Chicago Park District.

## ORDER

BUA, District Judge.

Before the Court is the Motion of the Petitioner, Horace R. Lindsey, for a Rule To Show Cause under the *Shakman* decree. Also included is petitioner's Motion for Leave to File, by way of a second count, a pendent claim brought under state law. The defendants have moved to dismiss the Motions. For the reasons stated herein, the Motion for a Rule To Show Cause is hereby dismissed.

## FACTS

Petitioner Lindsey has been an employee of the Chicago Park District since 1967. Since June 8, 1976, he has been the Superintendent of Employment for the Park District. From June 8, 1976 to January 11,

1977, he was Acting Superintendent. On the latter date he began serving a six-year term as Superintendent. That term will expire in January, 1983.

In September, 1982, Petitioner was appointed to serve another term as Superintendent of Employment. This appointment, however, was revoked shortly thereafter based on the assertions of the General Counsel for the Park District, Mr. Halprin, that the Park Commissioners were without authority to grant the Petitioner an extension of his contract until his original term expired in January, 1983. If left standing, the second term was to have run until September, 1988.

Petitioner alleges that the failure of the Park District to renew his employment was due to political reasons and thus barred under the *Shakman* decree. Petitioner made substantial campaign contributions to his long-time friend, Richard M. Daley, a candidate for the Mayoralty of the City of Chicago and an opponent of Mayor Jane Byrne, a defendant herein. In addition, in his capacity as Precinct Captain of the 47th Ward Organization, Petitioner asked other Precinct Captains to join with him in his support of candidate Daley.

Defendants argue that, because of the high-ranking and sensitive nature of Petitioner's position as Employment Supervisor, the position is exempt from the constraints of the *Shakman* decree.

The Superintendent of Employment is, pursuant to Ill.Rev.Stat. ch. 24½, ¶ 79, § 2 (1981), appointed by the Commissioners of the Chicago Park District to serve a six-year term and shall serve after the expiration of such six-year period until a successor is appointed. The Superintendent of Employment of the Chicago Park District is under the supervision of the Park District Commissioners and is charged, along with the Superintendent of the District, with appointing and hiring personnel for the Park District. In addition, the Superintendent is required to serve on a Civil Service Board in which capacity he is a voting member and deals with numerous policy and other matters concerning Park District employment.

The single issue for consideration in the matter at bar is whether the Superintendent of Employment is a position which is exempt from the constraints of the *Shakman* decree. Specifically, it must be decided whether the alleged failure of the Commissioners to renew and continue the employment contract of the Petitioner for alleged political activities constitutes a violation of the *Shakman* decree. The Court must thus decide whether the position of Superintendent is such that party affiliation is an appropriate requirement of the effective performance of the office. The Court must consider not only whether the position under consideration is the type of position which involves policymaking and requires confidentiality, but also whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980).

From the memoranda on file, it is apparent that the Superintendent of Employment is a high-ranking policymaker whose position requires a large degree of confidentiality. He is a high-ranking bureaucrat within the Park District who is responsible only to the Park Commissioners and whose actions are subject to memoranda distributed for public scrutiny. As previously noted, along with the Superintendent, he is responsible for the formulation of hiring and other employment policies for the Park District. As a member of the Civil Service Board, he is responsible for the formulation and administration of the Civil Service examinations for Park District employees. Interestingly, he is one of only eight Park District employees specifically exempted from Civil Service and is himself charged with the implementation of the *Shakman* decree. Finally, petitioner is directly in charge of 79 subordinates including the 13 other individuals charged with making decisions related to hiring for the Park District.

It is the considered opinion of this Court that the position of Superintendent of Employment is of the very type that must be exempted from the constraints of the *Shakman* decree. Given the amount of discretion and authority enjoyed by the Superintendent of Employment and given the closeness with which the Superintendent of Employment works with the Park District Superintendent and other high-ranking officials of the District and the City of Chicago, it is clear that the utmost of confidentiality is required to effectively carry out the position. As many of the decisions and much of the general work is of a highly sensitive nature, the Court finds that party affiliation and political support are appropriate requirements for the effective performance of the office. *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980). Were the Court to find otherwise, it would be difficult to perceive any position which would be exempted from the *Shakman* decree. This Court will not dispute that certain purely political appointments will always be required to insure that government works effectively and efficiently. The Court therefore holds that the position of Superintendent of Employment for the Chicago Park District is such a position and is exempted from the constraints of the *Shakman* decree.

This ruling of the Court merely holds that no *Shakman* violation has occurred in the purported dismissal of the petitioner from his employment. The Court makes no judgment as to whether the Commissioners of the Park District committed any violation of state law, specifically with regard to Ill.Rev.Stat. 24½, ¶ 79, § 2 (1981). The authority of the Commissioners to revoke an existing appointment or to prematurely reappoint an individual is strictly a matter of state law over which this Court has no pendent jurisdiction in the absence of a claim cognizable in federal court. As the Court is hereby dismissing the federal claim herein brought pursuant to the *Shakman* decree, there being no remaining basis for federal jurisdiction, the Motion For Leave to File the Pendent State Claim must be denied. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Motion of Horace Lindsey for a Rule To Show Cause pursuant to the *Shakman* decree is thus dismissed in its entirety.

IT IS SO ORDERED.